Andrew S. Rusciano
1316 Pacific Avenue
Atlantic City, NJ, 08401
609-576-1005
Plaintiff



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

Camden Division

-------------------------------------------------------------------x

ANDREW S. RUSCIANO,                          Case No.

               Plaintiff,

vs.                                          **JURY TRIAL**

CITY OF ATLANTIC CITY; MAYOR MARTY
SMALL, SR. OF THE CITY OF ATLANTIC CITY;
THE REVENUE AND FINANCE DEPARTMENT OF
THE CITY OF ATLANTIC CITY; TAX ASSESSOR      **COMPLAINT**
OF THE CITY OF ATLANTIC CITY; ABC BOARD
OF THE CITY OF ATLANTIC CITY,

               Defendants.

-------------------------------------------------------------------x

***The Parties in the Complaint:***

1

A. **Plaintiff**: Andrew S. Rusciano, 1316 Pacific Avenue, Atlantic City, NJ, 08401, 609-576-1005.

B. **Defendant 1**: City of Atlantic City, 1301 Bacharach Boulevard, City Clerk, Room 704, Atlantic City, NJ, 609-347-5510.

C. **Defendant 2**: Honorable Mayor Marty Small, Sr. of the City of Atlantic City, Room 706, 1301 Bacharach Boulevard, Atlantic City, NJ, 08401, 609-347-5400.

D. **Defendant 3**: The Revenue and Finance Department of the City of Atlantic City, Room 306, 1301 Bacharach Boulevard, Atlantic City, NJ, 08401, 609-347-5800.

E. **Defendant 4**: Tax Assessor of the City of Atlantic City, Room 606, 1301 Bacharach Boulevard, Atlantic City, NJ, 08401, 609-347-5630.

F. **Defendant 5**: ABC Board of the City of Atlantic City, 1301 Bacharach Boulevard, City Clerk, Room 704, Atlantic City, NJ, 609-347-5510.

## *Jurisdiction and Venue:*

The basis of this suit is referenced in Title 28 U.S.C. paragraph 1331 as a Federal Question Case and pursuant under the Statute of the False Claims Act, Title 31 U.S.C. paragraph 3729 and Title 26 U.S.C paragraph 7207 because the Defendants failed in giving the correct true yearly accounting statements to the public and for more than 10 years with paying any or expenses for local public needs, manipulating assessments and tax lien/sales certificates of city properties and in the other side using bogus mortgages on alleged owned city properties to

developers/borrowers. Moreover, the Defendants used a property tax system, which assessed properties and collect taxes on a higher rate to individuals for residents not desirable for the City of Atlantic City. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

(June 25, 1948, ch. 646, 62 Stat. 930;  Pub. L. 85-554, paragraph 1, July 25, 1958,  72 Stat. 415; Pub. L. 94-574, paragraph 2, Oct. 21, 1976,90 Stat. 2721;Pub. L. 96-486, paragraph 2(a), Dec. 1, 1980,94 Stat. 2369)

Jun 17, 2013 · For example, the 11th Circuit explained that "an affirmative act constituting an evasion or attempted evasion of [a] tax occurs when false statements are made to the IRS after the tax was due, and an allegation to that effect satisfies the affirmative act element of the crime." U.S. v. Winfield, 960 F.2d 970, 973 (11th Cir. 1992).

1. Venue is appropriate in this judicial district, pursuant to 28 U.S.C. paragraph 1391, because this court has personal jurisdiction over Defendants and by reason of the fact that, among other things, this is a judicial district in which all the Defendants resides and had the municipal and corporate obligations to fulfill for the People.

2. This matter is of public interest.

3. This suit seeks monetary damages and other damages for lost business.

## *Introduction and Facts*

4. The Plaintiff is an Atlantic City Resident, where he operates a small Liquor Store at 1316 Pacific Avenue. He lives here since over 40 Years.

5. On or around 2006 to the moment the mortgage crises started in 2008, the undersigned was doing financially better than around 2009, when there where financial shock signs of the City of Atlantic City and from various insolvencies/bankruptcies and departures of Casinos & Hotels and other various local businesses.

6. Various necessary Services of the City of Atlantic City were interrupted or ceased to the detriment of residents and the City of Atlantic City collected less taxes.

7. Residents that were living and working in the City of Atlantic City because of the incompetence, negligence and greediness lost at least 70 % or millions of revenues. Many small businesses and residents had to file bankruptcy as the undersigned to get out of debt, which the City of Atlantic City created together with the Casino and the two mayor creditors of the Casinos JP Morgan Chase & Co. and Wells Fargo Bank, N.A. and a Trust in Delaware. Additionally, Atlantic City became only attractive during the summer months (July, August). In the other hand the City of Atlantic City raised the Taxes many times and at least two time for 10 %, which is not permitted by state law.

8. On March 24, 2016, the Atlantic City Mayor Don Guardian has warned that the resort town is weeks away from running out of money — and its collapsing finances will force a shutdown of nonessential government services next month if it doesn't get state aid and Governor Christie said "The Atlantic City government costs 2-3 times more to operate than any other municipal government in this state," he added. Christie, however, says that in order for the state to open up its wallet, the state must take over the city's finances. The governor is demanding that a takeover measure already passed by the state's upper house be approved by the Assembly.

4

9. Since at least 2010 the City of Atlantic City was exploiting the possibilities of manipulating property tax assessment and collections for properties in Atlantic City from residents and searching for third party investors, powerful residents, lawyers or developers to reshape the images in various neighborhoods with new buildings, etc.

10. So, the Defendants created an unportioned property tax application to some residents in assessment and collections, which are poor and undesirable.

11. Especially on Block 54 Ocean and Tennessee Avenue indicates that at least 13 properties are allegedly owned by the City of Atlantic City, which tried to collect on tax certificates from previous owners and those certificates allegedly went to tax sales with no buyer purchasing them. Therefore, the City of Atlantic City get stuck with those properties.

12. In New Jersey a buyer or seller (by no sale) of a tax certificate can apply in Superior Court of New Jersey, Chancery Division to foreclose on the outstanding tax lien certificate. A Final Judgment constitutes a Deed.

13. Tax lien laws in New Jersey give the state and local governments the authority to levy taxes on properties in the state as a way of generating revenue to then carry out various functions and services. Property taxes levied automatically become liens. If the property owner fails to pay the real estate property tax that is due within a certain time period, the taxes are declared delinquent. A court ordered sale of the property may be enforced in order to pay the overdue taxes. Investors bid on these properties, and the winning buyer is given a tax sale or tax lien certificate. In the state of New Jersey, unpaid property taxes that are delinquent six months after the end of the fiscal year may result in a tax

certificate. In the state of New Jersey, unpaid property taxes that are delinquent six months after the end of the fiscal year may result in a tax sale of the property. The municipality is required to post advance notices of the tax sale in five locations. Tax lien laws in New Jersey also require the placement of advertisements in local newspapers for a period of four weeks. In addition, the property owner is to receive a notice of the proposed tax sale by mail. If he does not receive the notice, the sale still meets the statutory requirements and cannot be voided.

14. If the owner does not redeem his or her property within the redemption period, the certificate buyer can initiate foreclosure proceedings to gain title to the property. Tax lien laws in New Jersey allow certificate holders that are municipalities to initiate the foreclosure process after a six-month redemption period. Private buyers who are tax lien certificate buyers must wait two years before they can start the foreclosure process. The court has the authority to clear all encumbrances and liens from the property except for municipal liens that are placed after the tax certificate sale. The foreclosure action by the court is determined to be final.

15. This complaint and matter are important and in the public interest.

16. The Plaintiff filed an Adversary Complaint in which he seeks a Declaratory Judgment in US Bankruptcy Court, District of New Jersey against the City of Atlantic City. Case No 19-2226.

17. This action is commenced, because defendant is since many years insolvent and is evading to file bankruptcy.

18. Moreover, the defendant's business, tax property and rent/lend property practices to keep the city out and from filing bankruptcy is a scheme with real estate properties on Block 54.

19. Because of the defendant's tax property practices, the plaintiff noticed on official records of properties owned by the plaintiff, that as an example 1318 and 1320 Pacific Avenue, Atlantic City, NJ, 08401, Block 54, Lots 63 and 64 are still in plaintiff's name, therefore, plaintiff is being charged taxes for those lots, considering that a foreclosure sale took place allegedly on January 13, 2019.

20. Reviewing the city's block 54 plan, plaintiff noticed that 6 properties on Tennessee Avenue and 5 properties on Ocean Avenue is controlled/owned by the City of Atlantic City. All those properties were taken by the city or defendant through previous owner's default of property taxes.

21. It is unknown if there was ever official advertisement or tax certificate sales to the public.

22. On Ocean Avenue on Block 54 the City of Atlantic City owns direct or indirect at least 5 lots in land and property.

23. On Tennessee Avenue on Block 54 the City of Atlantic City owns direct or indirect at least 5 lots in land and property.

24. The City of Atlantic City is creating a Real Estate Monopoly in controlling and "owning" properties and violating laws to sell property tax liens. Moreover, defendant is rent-lending properties to gain revenues through mortgages to corporations, developers or investors keeping out and not disclosing, advertising to the public their intentions to create a

Monopoly with various "shoddy" entities and concealing hiding to tax authorities the real collected revenues through third party corporation indirectly controlled by the defendant, the CRDA, and its inside and outside lawyers handling those questionable illegal tax sales of properties.

25. Further, there are 2 lots in Block 54 which are not accounted for namely lot 11 and 14.

26. Further, the defendant is sold a vacant land for a cheap lump sum of $ 5000 to Mr. Mark Callazzo d/b/a Callazzo Properties, LLC., because of Mr. Callazzo's engagement as a "developer/investor" for properties on Block 54 in the City of Atlantic City.

27. Defendant executed a loan (mortgage) for Tennessee Avenue properties for lot 9 and 10 for $ 213,000 and Leases for 121 S Tenn Ave, LLC.; 129 Tenn Ave Realty, LLC.; and Callazzo Properties, LLC.; and a loan (mortgage) for Tennessee Avenue properties for lot 12 and 18 for $ 227,000 and Leases for 131 S Tenn Ave, LLC.; 161 S Tennessee, LLC. and Callazzo Properties, LLC.

28. Defendant also directly indirectly sold in part a Tax lien from the property located at 122 S. Tennessee Avenue to Tower Lien. LLC., which sold the property to 133 S Tenn Ave, LLC., which again is controlled, owned by Mr. Mark Callazzo for $ 185,000.

29. Further, those above-named properties are being rented out by Mr. Callazzo's landlord corporations to Mr. Callazzo's tenant corporations and then sub-rented to the actual occupants, which are paying every

expense including taxes to the city. They also sign a Guaranty

Agreement to Mr. Callazzo, but this is not a part of this suit.

30. How the names of the borrowers (is only one borrower) to the loans

become the names of the landlords is a mystery.

31. The City of Atlantic City is a municipality and pursuant to New Jersey

Law a corporation. A corporation must be recorded with the state and in

case a corporation intends to lend money or funds or executing

mortgages to borrowers it needs to have a banking license.

32. There is no banking license for the City of Atlantic City on record.

Further those loans are not being reported to the Securities and

Exchange Commission.

33. The defendants are insolvent because all or most of their public work is

being done by the CRDA (Casino Reinvestment Development Authority),

a state agency, which act as a third-party trustee – executor for the city,

rewriting municipal laws, rules and ordinances. In fact, some city officers

are members of the CRDA as the Mayor etc., therefore the city is doing

minimal work or partial work and double the work at the expense of

taxpayers. A municipality should function on its own and without state

interference.

34. Plaintiff beliefs, that the financial situation of the City of Atlantic City is

not changed since March 2016 or improved or better than years ago

when the City of Atlantic City considered to file a voluntary bankruptcy.

Taxes went up exponentially and It went worse financially. The City as a

whole and infrastructure is falling apart. We do not talk only the District

where Businesses are and besides in those Districts exist properties as

the Endicott Hotel, which is a public danger structurally since 2009, empty and inhabited. Further, it exists issues and marketing of liquor licenses by buy/sell/ or renting them to third party for a monthly fee. Those practices are not clean and the developer, investor does not pay any taxes because its being paid by the occupants of those restaurant, bar, drag bar and coffee shop selling alcohol beverages of the counter to the public.

35. The permits given to 129 Tenn Ave Liquor, LLC.  by the ABC Board in Atlantic City hurts financially the business of the Plaintiff, which is less than 200 feet away.

36. In a letter to the New Jersey State Investigation Department, the undersigned stated the following:

"Re: Complaint – Information of Irregularities regarding state governmental agencies involved in trips made unofficially to Atlantic City by the State Attorney General for an opening of Bar (Tennessee Avenue Bier Hall paid by Tax Payers and $ 25 K given as a Grant from the CRDA or State to build the Bar Rhythm & Spirit and the cozy relationship of Mark Callazzo with State Agencies and Municipal Agencies especially the ABC Board and the State ABC Division. Further, the existing Pyramid Scheme to purchase liquor licenses and so called "extend them" to other individuals/corporations, which are being charged up to $ 40 K a month for the usage of the license and those individuals/corporation holding 1% of the interest of liquor licenses of the main holder (as 129 Tenn Ave Liquor, LLC) in Atlantic City creating "Monopolies" with the Intent to take out of Business other licensees, which are doing business since 30-40 years.

Please review the attached documents and it is possible to send by email to your office other documents or correspondence and OPRA requests, which were by authorities unanswered or answered only in a limited way. My email is andrewrusciano5@gmail.com. If you have any question, please contact me by phone listed above.

I hope I am hearing from you soon and your e mail so I can send the full docket in my possession.

With my best regards

Dated: September 15, 2019"

37. But the undersigned already complained by the State Office of the Attorney General stating the following:

"RE: **Made Atlantic City Chocolate Bar; Tennessee Avenue Beer Hall; The Iron Room; Rhythm & Spirits – PLEANARY RETAIL CONSUMPTION LICENSES**

License Numbers: **0102 33 215-009; 0102 33 215 008; 0102 33 215 007**

To: (certified mail)

City of Atlantic City
The Municipal Board of
Alcohol Beverage Control
of the City of Atlantic City
City Clerk
1201 Bacharach Boulevard
Atlantic City, NJ, 08401

129 Tenn Ave Liquor, LLC
121 S Tenn Ave, LLC
129 Tenn Ave Realty, LLC
131 S Tenn Ave, LLC
133 S Tenn Ave, LLC
29 Union Avenue
Lakehurst, NJ, 08733

State of New Jersey Office of
the Attorney General Dept of
Law and Public Safety Division

Alpha Loan Servicing, LLC
Alpha Funding Solutions, LLC
29 Union Avenue

of Alcoholic Beverage Control
P.O. Box 087
Trenton, NJ, 08625-0087

Lakehurst, NJ, 08733

Mark Calazzo
2024 Paavo Court
Toms River, NJ, 08755

David Hansel c/o Alpha Loan Servicing
29 Union Avenue
Lakehurst, NJ, 08733

Kim Cheon c/o Samuel Krantz, Esq.
450 Bay Avenue
Somers Point, NJ, 08244

Deborah L. Pellegrini
205 Blueberry Road
Egg Harbor Township, NJ, 08234

Scott J. Cronick
149 Doran Avenue
Somers Point, NJ, 08244

161 S Tenn Ave, LLC
29 Union Avenue
Lakehurst, NJ, 08733

CAL Liquor Holdings, LLC.
646 – 648 Albany Avenue
Atlantic City, NJ, 08401

CAL Realty Holdings, LLC
106 Union Avenue or 29 Union Avenue
Lakehurst, NJ, 08733

Hayday Partners, LLC
131 S. Tennessee Avenue
Atlantic City, NJ, 08401

STW Hospitality, LLC., Lee Sanchez
72 Delray Lane
Absecon, NJ, 08201

Patrick J. Fasano
1001 Grand Avenue
Asbury Park, NJ, 07712

Patrick J. Fasano c/o Bourre
201 S. New York Avenue
Atlantic City, NJ, 08401

Jane & Joe Doe 121 147 S. Tennessee Avenue Atlantic City, NJ, 08401

**NOTICE OF OBJECTION, COMPLANT AND NOTICE OF PETITION TO
NULL AND VOID ALL THE ALCOHOL BEVERAGE CONTROL LICENSES
0102-33-215-009; 0102-33-215-008; 0102-33-215-007 SET FORTH IN A
SUPPORTING BRIEFS, WHICH WILL BE DELIVERED AND MAILED
WITHIN 30 DAYS.**

Please Take Notice, that the undersigned is objecting to all above-named licenses issued by the ABC Board of the City of Atlantic City and the New Jersey State Division of Alcoholic Beverage Control and is drafting a Complaint and Notice of Petition, which warranted reasons to deny all Applications by the Licensees.

The reasons of this instrument are:

1. To close to a Church or premises, lot of a Church.
2. 200 feet rule for plenary retail consumption license.
3. 3000 people rule for plenary retail consumption license.
4. Untrue statements by the applicants.
5. People with criminal records working in those establishments/locations or having stolen property (money).
6. No Permits, list of employees visible on the alleged licensed premises.
7. Insufficient disclosures regarding the 1% by two individuals with not showing the real purpose of the extensions.
8. Failing to disclose the Management Agreement and Guaranty Agreement to the Application.
9. Failing to fully disclose all corporate changes, especially regarding Alpha Loan Servicing, LLC and Alpha Funding Solutions, LLC which do not have a banking license to loan funds or giving mortgages.
10. Failure for not recording the mortgage for the $ 30 K loan for the payment of the license.
11. Insufficient disclosure from whom came the $ 85 K for the purchase of 127-129 South Tennessee Avenue, Atlantic City, NJ, 08401.
12. Insufficient disclosures on how and from where came the funds of $ 185 K to purchase 133 South Tennessee Avenue, Atlantic City, NJ, 08401.

13. Insufficient disclosures and reasons, why City of Atlantic City is allegedly giving loans, mortgages to Mark Callazzo and its firms for several properties located at 121 – 161 South Tennessee Avenue, Atlantic City, NJ, 08401.

14. The err of the ABC Board to give licenses, when the license loan is not fully paid.

15. Third Parties not disclosed which have interest in the ABC Licenses.

16. Unfair, illegal trade practices by buying liquor licenses for pennies of a dollar and creating a monopoly of ownership for licenses and licenses available. Using for the purchase of liquor licenses funds from third party lenders or investors, where the origin of the funds is uncertain and not properly disclosed and where those investors as entities and individuals are in the shadow and unknown to the public, consumers and state and federal authorities and there are any SEC (Security and Exchange Commission) filings for those loans on record.

17. Upon Information and belief, Members of the City Council bartended in the Atlantic City Beer Hall.

18. Noise factors

19. Plans not perfected

20. Insufficient corporate disclosures of Landlords leading and controlled by Mark Callazzo.

21. That there is a cozy relationship between the City of Atlantic City, the Atlantic City Police Department, its Officers (many times) and the State Attorney General (several times) and some City Council Members many times), which visited the location 121 – 149 Tennessee Avenue Atlantic City several and many times with an escort of 5 to 10 public vehicles at the

expense of the New Jersey Taxpayers. Moreover, the New Jersey State
Attorney General is related to Officer of a Entity which have business
relationship with Mark Callazzo.

22.That the State Attorney General is actively involved with CRDA

23.Insufficient disclosures to the public related to "Grants – Loans". Twenty
Thousand Dollars was given from CRDA, City to renovate liquor license
premises on Tennessee Avenue. Money from Taxpayers. Those funds are
not distributed as it should be between all businesses in an area. The State
Comptroller and Lawmakers are questioning the distributions of funds in
Atlantic City and Camden versus other municipalitie applications, the
distribution of state funds is not proportion as it should be to other
taxpayers in the state.

24.The cozy and lax application of the ABC Board of the City of Atlantic City
and ABC Department of the State and the Office of the State Attorney
General regarding liquor license approvals with wrong determinations in
other cases and applying other legal standards to applicants in other areas
of the state.

25.Possible Ethics and Conflict of Interest Violations made by municipal,
municipal legislative, ABC Board and within the ABC Department of the
New Jersey State Attorney General's Office.

26.Insufficient corporate disclosures of Tenants leading and controlled by
Mark Callazzo.

27.The insufficient disclosures of landlord, Tenant, and License as 129 Tenn
Ave Liquor, LLC indicates foul-play, money laundering, or a scheme to
distract authorities.

28. Failure to disclose that the 127-129 S Tennessee Avenue building was shuttered for years before it was purchased by Mark Callazzo and its corporate entity. It is believed that the sale of the building and liquor license did not occur under free will.

29. The licensee is secretly expanding one or other premises licenses to a Liquor Store not disclosing this fact to the authorities (The Iron Room).

30. Shoddy law practices by third party attorneys as officer of the court handling sales and purchases of liquor licenses statewide creating a monopoly of one or few owners statewide and controlling the sale and purchase of liquor licenses and profiting with others (individual or entity) from daily incomes of liquor licensed businesses.

31. Issues regarding the liquor license 0102-33-079-012; 0102-33-079-011 regarding Patrick J. Fasano; AC Beach Liquor, LLC. (Cabana Club); Atlantic License, LLC., P. F. LLC., Cookmain, LLC, Asbury Lanes, LLC., 201 S. New York Avenue, LLC.; the fine he received on 9/6/2017 in the amount of $ 9600 in the case numbers S-16-370023 and H-2016-50112. The sales and purchase of those liquor licenses for pennies of the dollar creating another monopoly of owning and controlling licenses and liquor licensed businesses with 1% of interest in the entity and not disclosing and concealing Management Agreements and Guaranty Agreements with individuals and entities, that pays them any expenses including taxes and monthly payments ($ 40 K) for the use of the liquor license. Moreover, there are also issues for the 200 feet distance from an existing other licensee and 3000 people rule to have only one liquor license pursuant to the Census.

32. The corporate entity issues because of the many "Shell Entities" established before, during and after a purchase of a liquor license, active or inactive, pocket from funds originating from the dark black market and its investors, indicates possible tax evasions, money laundering activities.

33. Those acts by those investors are damaging other businesses in the area because of the creation of an monopoly few holders of liquor licenses in Atlantic City in the so called "Orange Loop". Further, those undisclosed Management Agreement containing also a Guaranty Agreement or calling it a "Pay Day Loans or Bridge Loans" are diminishing the credibility, and income of other businesses, which are not a part of the "Mob" or "Orange Loop". Most of those individuals are unaware of their legal steps to enter in such illegal agreements hiding to authorities as in the case of the Bourbon Room at the Ex-Showboat Premises.

34. Etc.


Please Take Notice of this Instrument.


Dated: July 28, 2019".

Further, Plaintiff sent another letter, in which no reply was received by any state or municipal officials, which reads the following:

"To:

State of New Jersey
Office of the Attorney General
Department of Law and Public Safety
Division of Alcoholic Beverage Control

City of Atlantic City
ABC Board
1301 Bacharach Boulevard
Suite 704

P.O. Box 087                                    Clerk's Office
Trenton, NJ, 08625-0087                         Atlantic City, NJ, 08401

**Re: Your letter dated August 20, 2019; Ref. 129 Tenn Ave Liquor, LLC., Plenary Retail Consumption License Number 0102-33-215**

Thank you for your response informing me regarding to file an appeal regarding the above-named Retail Consumption Licensee and Sub-Licensees.

Please accept this letter Brief as Complaint.

The issues here are complex and refers also to various visits made by Attorney General, Mr. Gurbir S. Grewal, Esq. in 2018 to the site of 121 – 147 South Tennessee Avenue on tax payers expense and the fact that a relative of the Attorney General, Mr. Zenith Shah of Authentic Partners with Evan Sanchez have and/or had a relationship with the owner and founder of 129 Tenn Ave Liquor, LLC. Moreover, the Attorney General is a Member of the CRDA. All the above issues create a conflict of interest for the Attorney General and its offices, which includes the Division of Alcoholic Beverage Control.

Wherefore, the undersigned question the independence, neutrality of the state agency in the whole as an Appeals Panel for Retail Consumption License disputes.

In addition, some of the decisions of the ABC Board regarding the licensee and its prior licensee in which 129 Tenn Ave Liquor, LLC purchased with a loan the Alcohol Beverage License for a Penny of a Dollar including the property are years back and therefore, a new case has to be open with the ABC Board to newly Review their decisions, and status of this licensee which is creating the following:

1. The above licensee as its prior licensee premises are less than 200 feet from 114 South Tenness Avenue, Atlantic City, NJ, 08401, Block 53, Lot 26 a Church, specifically to the location of a parking lot owned by the Church of Jesus Christ of Latter-DA. The Church main offices are at 50 East North Street, 22nd Floor, Salt Lake City, Utah, 84150-3620. This Church on their lot can officially do services or give the authorization as it had occurred already in the past and future to the nearby St. Nicholas Tolentine Catholic Church to conduct events or services. Wherefore, no license of Alcoholic Beverage should and cannot be issued. The Atlantic City ABC Board since years violated its own laws. The Board must reverse its wrongful decisions. It is disrespectful from government and its agencies not to respect Churches and Religion, which are constitutionally protected.

2. The ABC State and Municipal Laws must be changed because some part of the Laws are promoting Ponzi and Pyramids Schemes by Licensee's, especially if the Licensee is permitted to give a percentage of his corporation that owns allegedly the ABC License to Third Party corporations and individuals running the premises in which alcoholic beverages are being sold to consumers.

   a) Mark Callazzo as an individual own and controls 129 Tenn Ave Liquor, LLC.

   b) Mark Callazzo as an individual own and controls 129 Tenn Ave Liquor, LLC. is searching individuals and/or corporations, which he found with Ms. Pellegrini and Mr. Cronick, which have each 1% interest in the above-named entity, so they can operate with their corporation and as

individual as a sub-licensee and hire others to invest and operation of the business.

c) Same applies regarding the real estate of Mark Callazzo and his loans mortgages with the City of Atlantic City as corporations and individual as Borrower and Landlord and corporations and individual as tenants and then having under-tenants (= individuals and corporations that have 1% of liquor licensee's interests), which are renting the premises and paying ultimately Mark Calazzo and he pays the City of Atlantic City the mortgages for 121 – 147 and 161 South Tennessee Avenue in Atlantic City.

d) Those two above explained business models indicates and shows clearly a pyramid from the top as Mark Calazzo with his corporation and be permitted to split the interests for the purpose to create several under-license, which ultimately those chosen individuals being induced into a Pyramid Scheme and/or Ponzi Scheme. The ABC Board authorizing such splits or so-called extensions violating criminally state and federal laws regarding schemes.

e) This Scheme is being concealed with a Management Contract, Guaranty Agreement and other Agreements, which are never being produced to state and federal authorities unless as:

f) In another case in Atlantic City Bourbon Room same model became public in which the under-licensee's/" Manager" as of today is in bankruptcy because of that scheme to re-rent Alcoholic Beverage Licenses and operations of an alcoholic beverage establishment.

g) The "under-licensee" pays all the invoices, bills, taxes, rent/mortgages as a owner/manager of the premises but the contracts are a fraud from the begin and unjustly enriches the person on the top, while all others within years become to have financial problems and are required to get out of the contracts. There is no success for such business models and practices. In addition, those 1% of interest individuals are losing everything and are individually required to the person on the top to sign a personal Guaranty Agreement, which never expire unless the Guarantor pays.

h) The "under-licensee's" pays to $ 40 K a month for using the license from the main licensee corporation and its main controlling individual.

3. Further, the license, which was purchased from Ms. Kim Cheon for $ 30 K from a loan from Alpha Loan Servicing, LLC. in which Mark Callazzo has only 50 % of ownership or interest with David Hansel, which have also 50 % of ownership or interest indicates as of today that the license is not paid in full. A licensee should not be able to operate to sell liquor beverages when the license is unpaid or not fully paid. Moreover, if it is granted to be operated by several individuals and corporations, then those other parties become a co-licensee for the license purchased. Here the Atlantic City ABC Board and the Division of Alcoholic Beverage Control failed to review correctly several applications filed with the ABC Board. This ABC Board is not abiding by the laws it is making decisions based on personal preferences and gains.

4. Moreover, Alpha Loan Servicing, LLC. does not have a banking license to lend funds commercially to others. It is a servicing entity for loans, it is not a lender. It may have Investor, but they must be disclosed in a loan for the

purchase of a liquor license. Federal Authorities should start to investigate Alpha entities (Hard Money Loans) owned by Mark Callazzo and others.

5. Further, Mark Callazzo and its entities are buying many properties on Block 54 for his personal financial gain with help of other individuals, lawyers, corporations creating a real and business monopoly.

6. Additionally, Mark Callazzo received for 127 – 129 South Tennessee Avenue in Atlantic City New Jersey a state grant of $ 25 K to fix, build, repair the premises of Rhythm & Spirits. A personal inspection reveals that the place is a small place and not a regular bar establishment with a small bar, stage, a lightning wand with tables and chairs a bathroom for women and men and above the sub ceiling of the bathroom a storage place for alcoholic beverages. The undersigned seeing the conditions of the premises that looks like a "Dump" questions the spending of the $ 25 K received as a grant. The undersigned never heard that a licensee for a bar received governmental financial aid to build a bar or establishment. It is frankly unjust to all other licensee's in the area and state.

7. Additionally, the premises are fire hazards. A consumer can be trapped inside the Rhythm & Spirit and in case of smoke and the main entrance door is closed  and the door between street number 127 and 129 South Tennessee Avenue is closed cannot be opened with an emergency exit bar on the door and if the Iron Room is closed people can be trapped also in the coffee shop because the main door is also not equipped wit an emergency bar to open the door in case of fire.

8. Moreover, the Iron Room is operating as a Liquor Store, where bottles and other alcoholic beverages can be sold to the public. This type of sales is not being disclosed to the public and other licensees.

Conclusion

This is a matter of public interest and the undersigned believes that the Atlantic City ABC Board and the Division of Alcoholic Beverage Control made wrongful decisions regarding this licensee and other licensees. The undersigned requests a new review of those decisions because they are not in the interest of the public and the ABC Board and the Division of Alcoholic Beverage Control becomes a conspirator in a Pyramid or Ponzi Scheme permitting so called "extensions" of alcoholic beverage licenses, which could be seen a pyramid having at the top one person/entity and re-renting licenses to individuals for monthly payments. Moreover, those business models create insolvency and unnecessary bankruptcies for 1 % interest partners/individuals/corporations, which are on record as licensee for the various establishments or bars/restaurants.

It damages also other businesses in the area, drives cost and sale prices up for an area which does not have enough money in circulation from consumers because the prices for alcoholic beverages at the Tennessee Avenue premises 121 -147 are as double so high then other businesses. The consumer is getting ripped off with unreasonable prices.

Further, the fact that 2 churches are in the vicinity, especially one less than 200 feet from those above-named establishments, the undersigned requests

the reversal of the ABC Board and Division of Alcoholic Beverage Control Decisions regarding this Licensee.

Please Take Also Notice, that the undersigned will file many other legal actions on state and federal level to uncover the truth and receive remedies of this illegal practices in which the State of New Jersey and the City of Atlantic City is a Part of it.

Respectfully Submitted

Dated: September 3, 2019

cc. US Bankruptcy Court, Federal Trade Commission, Securities Exchange Commission, New Jersey State Commission of Investigation, Governor's Office, Philip D. Murphy, Governor, Mr. Mark Callazzo, Calazzo's entities"

38. The attitude of municipal and state official of not answering indicates clearly wrongdoing, evade answers to public questions and shows patterns of guilt and liability. Officials in this area are calculating and minimizing the risks of exposures by knowing, that 98 % of resident are poor and poorly legally educated, so those officials are not being held accountable for their miserable unprofessional neglectable actions, irreparable hurting residents and taxpayers.

39. Other problems the Defendant never solved is the existence of shelters for the poor and the homelessness in the City, probably for some financial "kickbacks" and the acknowledgement by the City regarding sea level rising and a solution for weekly flooding's.

40. Plaintiff believes that the Defendant and its officers and city council representatives are incompetent and driving the municipality's debts

further into the ground. They are not working in the interest for the taxpayers and New Jersey People.

41. Further, Ex-Mayor Gilliam, which was indicted and pleaded guilty indicates that the cash he possessed at his arrest and the cash bail he gave could come from the City of Atlantic City or the Tennessee Avenue Project.

42. It is also unacceptable, that Kane Joyce L is still on record as an owner for Block 54, Lot 22 at 175 S. Tennessee Avenue, Atlantic City, NJ, 08401. Said property is owned by the Super 8 Motel. The lady and her husband passed away over 10 years ago or more. There is also the possibility that the City is collecting an amount A from the Super 8 Motel Owner which could be greater than the amount that was recorded in their accounting books because an individual taxpayer pays less taxes than a corporation or Hotel/Motel. The name of Ms. Kane should long time ago not be on tax record.

43. Plaintiff beliefs, that is necessary to force the City of Atlantic City into bankruptcy and to appoint a trustee and special trustee for the finances of the Defendant. I have attached, an "Involuntary Bankruptcy Petition" for the City of Atlantic City.

44. The plaintiff made OPRA requests from the City of Atlantic City, but they were only partially answered or not answered at all.

45. There is no record in the New Jersey Judiciary, Superior Court of New Jersey, Chancery Division evidencing judgments/Deeds related to property tax foreclosures by the City of Atlantic City or defendant. The

defendant is calling himself as owner of records for lands and properties but without showing a judgment/Deed by a Judge of a court.

46. Plaintiff beliefs that there is bad faith and intentions regarding the City of Atlantic City finances, especially regarding loans or mortgages to outside residing "shoddy" corporations as investors as above-named entities, which are also involved through Alpha Funding for renting buying selling New Jersey Liquor Licenses. Alone the business activities of the defendant lead to the conclusion that the City of Atlantic City is insolvent and needs to be guided, controlled by a "Guardian" or Trustee to assure that every income and expenditures are accounted for. It is unacceptable that Plaintiff is still the owner for tax purposes for the property 1318-20 Pacific Avenue, Atlantic City, NJ, 08401.

47. This is a Suit of Public Interest with surely other Residents, that were irrep-ably affected in the same manner.

Conclusion:

Defendants through their shoddy tax practices unjustly enrich themselves from Atlantic City Residents and created irrep able harm to Plaintiff for loss of business or income from 2010 to the present or 10 years times 52 weeks times 7 days for each day $ 400. The City of Atlantic City is chasing lower income people away from my area through various enforcement, especially preventative measures of excessive law enforcement officers present for every 150 feet, half a block. Those measures have the effect that customers are avoiding the area. And this does not exist only on Block 54, it exists also on Pacific and Atlantic Avenue from Tennessee Avenue through the Bus Terminal. Various other businesses as Liquor

Store on Atlantic Avenue and including the one near the Super Market Save a Lot are losing millions of revenues. The Plaintiffs damage accrued since 2010 are in the amount of $ 1,456,000 Dollars, putative damages should be estimated at $ 3,000,000 Dollars as well as a sum granted by this court as a "Whistleblower".

Wherefore the Plaintiff requests a Judgment against the Defendant for:

a) Damages of $ 1,456,000 Dollars

b) Putative Damages of $ 3,000.000 Dollars

c) Award of a sum as a "Whistleblower" as the Court seems just and proper

Dated: November 19, 2019

Andre S. Rusciano