[Docket No. 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANDREW RUSCIANO,

          Plaintiffs,

  v.

ATLANTIC CITY, et al.,

          Defendants.

Civil No. 19-20922 (RMB/AMD)

**OPINION**

APPEARANCES:

Andrew S. Rusciano, Pro Se
1316 Pacific Avenue
Atlantic City, NJ 08401
    *Attorney for Plaintiff*

McManimon, Scotland & Baumann, LLC
    By: Joshua H. Raymond, Esq.
75 Livingston Avenue
Roseland, NJ 07068
    *Attorney for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendants City of Atlantic City, Mayor Marty Small SR., the City of Atlantic City's Tax Assessor, the Revenue and Finance Department of the City of Atlantic City, and the ABC Board of the City of Atlantic City's (collectively "Defendants") Motion to Dismiss or, in the alternative, Motion for Summary Judgment. [Docket No. 7]. The Court later

1

administratively terminated and instructed Plaintiff Andrew Rusciano ("Rusciano" or "Plaintiff") to file a three-page statement clarifying his claims. [Docket No. 15]. Plaintiff instead filed over 360 pages of materials. [See Docket No. 16]. Thereafter, the Court permitted Plaintiff to file a second statement which complied with the Court's Order. [Docket No. 19]. Having received and reviewed that submission[1] [Docket No. 21], the Court hereby reinstates Defendants' Motion [Docket No. 7] and will grant that motion.

I.   **BACKGROUND**

This is a False Claims Act case. Plaintiff alleges that Defendants have engaged in a series of financial practices, akin to "Ponzi, Pyramid Schemes," designed to enrich themselves at the expense of taxpayers. [Docket No. 21, at ¶¶ 2-3]. These schemes include maintaining inconsistent tax records, "acting like a Federal Reserve Bank," and manipulating property assessments to collect more tax revenue. [Id.] In addition, Plaintiff further alleges that Defendants issue contracts in exchange for kickbacks, illegally foreclose on properties, and fail to disclose their financial interests. [Id. at ¶¶ 5-20].

---

[1]   Plaintiff's statement was not technically filed within the 21-day period established by the Court's order. Given Plaintiff's inability to access the Court's electronic docket, however, the Court will consider his statement timely filed.

2

Defendants seek to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Their motion contends that Plaintiff has filed a series of cases against them for purported financial frauds, including with the U.S. Bankruptcy Court for the District of New Jersey. [Docket No. 7-1]. Specifically, Defendants argue that Plaintiff has not provided a short and plaint statement, that the Complaint is conclusory, and that Plaintiff has failed to allege any other basis for his claims.

## II. ANALYSIS

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286

3

(1986)). When the plaintiff is *pro se*, the Court must construe the complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). The Court may consider only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

Here, the Court is persuaded by Defendants' arguments. Plaintiff's Complaint, as well as his subsequent attempts to clarify his allegations, fail to state a claim upon which relief may be granted. The allegations are conclusory [See e.g., Docket No. 21, at ¶ 12] ("Grants, contracts, sales and mortgages are given by the Defendants and the CRDA only to known insider investors or individual setting up dubious corporations leaving other taxpayers and residents in the cold."), and Plaintiff presents his own opinion as fact. [See id. at ¶ 15] ("Shoddy

4

Developers are buying properties and land with dubious funds, which the undersigned believes comes from illegal sources (money laundering)."). These baseless allegations are insufficient in federal court, even under the less-stringent standards that apply to *pro se* litigants.

Moreover, Plaintiff's argument that Defendants are "chasing lower income people away from [his] area," and that, as a result, "customers are avoiding the area," are not proper claims under the False Claims Act. See U.S. ex rel. Petratos v. Genentech Inc., 855 F.3d 481, 486 (3d Cir. 2017) (quoting Cook Cty. v. U.S. ex rel. Chandler, 538 U.S. 119, 129 (2003) ("The False Claims Act is meant 'to reach all types of fraud ... that might result in financial loss to the Government.'"). Indeed, the Court is unable to identify any proper False Claims Act allegations in either the Complaint or Plaintiff's additional filings. Therefore, the Court finds that Plaintiff has failed to state a claim, a dismissal is warranted.

Finally, the Court notes that it must generally permit a plaintiff to file a curative amendment when granting a Rule 12(b)(6) motion to dismiss. Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). However, the Court is not required to permit this filing when "such an amendment would be inequitable or futile." Id. Here, permitting Plaintiff the opportunity to amend the Complaint would be both inequitable and

5

futile. First, the Court previously allowed Plaintiff to file a statement clarifying his claims, [Docket No. 15] rather than rely solely on his response to Defendants' motion. [See Docket No. 10]. As such, Plaintiff has already received some benefits of a curative amendment. Second, Plaintiff's more-definitive statement [Docket No. 21] reveals the futility in granting another opportunity to allege sufficient facts. In its order, the Court provided Plaintiff with detailed instructions on the requirements of Federal Rule of Civil Procedure 8, and specifically stated that:

> vague and conclusory statements that the City of Atlantic City and others have violated the law does not provide Defendants with sufficient facts to put them on notice as to what Plaintiff alleges Defendants did or did not do. Plaintiff must provide facts which answer basic questions such as who? what? where? when? and how Plaintiff alleges Defendants broke the law, as well as how the alleged violation of law personally injured Plaintiff.

[Docket No. 15.] Despite these instructions, Plaintiff failed to correct the issues in the Complaint, and permission to file a further curative amendment would be futile. Accordingly, the Court will dismiss Plaintiff's Complaint with Prejudice.

### III. CONCLUSION

Thus, for the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. This action is DISMISSED WITH PREJUDICE. An appropriate Order accompanies this Opinion.

Dated: March 24, 2021              s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge

7